Citation Nr: 1101572 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 09-15 130A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, 
Pennsylvania

THE ISSUE

Entitlement to an additional (extension beyond 48 months) 
vocational rehabilitation benefits under Chapter 31, Title 38, 
United States Code.

(The issue of entitlement to waiver of overpayment is the subject 
of a separate decision under a different docket number.) 

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

S. Finn, Associate Counsel

INTRODUCTION

The Veteran served on active military duty from July 2001 to May 
2004.

This appeal to the Board of Veterans' Appeals (Board) is from a 
decision of the Department of Veterans Affairs (VA) Regional 
Office (RO) in Pittsburgh, Pennsylvania, which denied the 
Veteran's claim.

In August 2008, the Veteran requested that the jurisdiction of 
her claim be transferred to Pittsburgh, Pennsylvania, RO.

The Veteran testified at a personal hearing before the 
undersigned Acting Veterans Law Judge at the RO in January 2010 
and a copy of the hearing transcript is of record.

FINDINGS OF FACT

1. Service connection is in effect for migraine headaches rated 
as 30 percent disabling and tendon inflammation rated as 10 
percent disabling.

2. The Veteran has a serious employment handicap.

CONCLUSION OF LAW

The applicable criteria for additional (in excess of 48 months) 
Chapter 31 vocational rehabilitation training have been met. 38 
U.S.C.A. § 3105 (West 2002); 38 C.F.R. §§ 21.70; 21.44, 21.78 
(2010), as amended by Federal Register, Vol. 75, No. 12 (Jan. 20, 
2010). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Preliminarily, the Board is granting the Veteran's claim. As 
such, no discussion of VA's duties to notify and assist is 
necessary.

The Veteran requested an extension of her vocational 
rehabilitation benefits under Chapter 31 due, in part, to her 
difficulty with her service-connected migraines that resulted in 
her inability to maintain full-time enrollment. (See January 
2007 Written Statement).

Generally, neither the basic period of entitlement which may be 
authorized for a program of rehabilitation under Chapter 31 
alone, nor a combination of entitlement under Chapter 31 alone, 
nor a combination of entitlement under Chapter 31 and other 
programs listed in 38 C.F.R. § 21.4020 shall exceed 48 months.
 
A Chapter 31 rehabilitation program for a veteran may be extended 
beyond 48 months when it is established that he experiences 
either an employment handicap or a serious employment handicap. 
38 U.S.C.A. § 3105; 38 C.F.R. § 21.78. (Emphasis added). 

A rehabilitation program for a veteran with an "employment 
handicap" may only be extended beyond the 48 months when, in 
part, 1) the veteran's service-connected disability has worsened 
to the point that he or she was unable to perform the duties of 
the occupation for which training had been provided; 2) when the 
previously completed training was found to be unsuitable because 
of the veteran's abilities and employment handicap; and 3) the 
veteran previously used education benefit entitlement under other 
programs administered to be provided under Chapter 31which the 
veteran needs to become employable will result in more than 48 
months being used under all VA education programs, under these 
conditions the number of months necessary to complete the program 
may be authorized under Chapter 31, provided that the length of 
the extension will not result in authorization of more than 48 
months under Chapter 31 alone. 38 C.F.R. § 21.78(b)(1), (2), and 
(3).

A "serious employment handicap" is defined as a significant 
impairment of a veteran's ability to prepare for, obtain, or 
retain employment consistent with such veteran's abilities, 
aptitudes and interests. See 38 C.F.R. §§ 21.35(g), 21.52(b). 
 
Specifically, the duration of a rehabilitation program for a 
veteran with a serious employment handicap may be extended beyond 
48 months under Chapter 31 for the number of months necessary to 
complete a rehabilitation program under the following conditions: 
(1) To enable the veteran to complete a period of rehabilitation 
to the point of employability; (2) To provide an extended 
evaluation in cases in which the total period needed for an 
extended evaluation and for rehabilitation to the point of 
employability would exceed 48 months; (3) To provide a program of 
independent living services, including cases in which achievement 
of a vocational goal becomes feasible during or following a 
program of independent living services. 38 C.F.R. § 21.78(c).

All extensions of a rehabilitation program beyond 48 months of 
total entitlement under all Department of Veterans Affairs 
programs require the approval of a counseling psychologist and 
concurrence of the Vocational Rehabilitation and Employment 
Officer (VR&E officer). See 38 C.F.R. § 21.78(d).

The Board notes that the provisions relating to the establishment 
of extension of the basic period of eligibility for a veteran 
with a serious employment handicap was amended, effective 
February 19, 2010. See Federal Register, Vol. 75, No. 12 (Jan. 
20, 2010). As set forth in the Federal Register, the revised 
provisions were made effective February 19, 2010, and apply to 
any claim pending on February 19, 2010. Because the Veteran's 
claim was pending before the Board on February 19, 2010, but had 
not yet been decided at that juncture, the amended provisions are 
for consideration in this case.

In pertinent part, § 21.44 Extension of the basic period of 
eligibility for a veteran with a serious employment 
handicap provides, in part, (a) Conditions for extension. A 
Counseling Psychologist (CP) or Vocational Rehabilitation 
Counselor (VRC) may extend the basic period of eligibility of a 
veteran with a serious employment handicap when the veteran's 
current employment handicap and need for rehabilitation service 
and assistance necessitate an extension when the veteran has not 
been rehabilitated to the point of employability. Further, 
section (b) provides that, for a veteran with a serious 
employment handicap, CP or VRC may extend the basic period of 
eligibility for such additional period as the CP and VRC 
determines is needed for the veteran to accomplish the purpose of 
his or her individualized rehabilitation program. Id.

The record reflects that the Veteran has utilized 30 months and 
22 days of Chapter 30 benefits to complete her Associates Degree 
and utilized11 months and 20 days under the Chapter 31 program. 
The Veteran had 5 months and 18 days of remaining entitlement 
effective July 2007. Veteran's anticipated completion date was 
December 2009 with 14 courses remaining until the completion of 
her Bachelors of Science in Pre-Primary School Education. (See 
June 2007; October 2007; February 2008 Narrative Reports from VRC 
Counselor).

In June 2007, the Veteran's VRC, T. C., requested on behalf of 
the Veteran an extension beyond 48 months for all VA programs as 
the Chapter 31 benefits would not be exceeded beyond the 48 
months under 38 C.F.R. § 21.78(b)(3). Specifically, the Veteran 
requested a waiver of 12 months of Chapter 30 benefits.

Her request was approved on October 25, 2007 by the VR&E 
supervisor, but the approval was sent back by the VR&E officer. 
The VR&E officer found that the Chapter 30 program was 
contributing to her current plan under Chapter 31. She stated 
that further development was needed before prior training could 
be set aside. There was a handwritten note that if the Chapter 
30 benefits contributed to the Chapter 31 objective then the 
waiver would not be granted.

In February 2008, the VRC counselor submitted another request for 
an extension. The new extension request did not ask for Chapter 
30 benefits to be set aside, but was based solely on a finding 
that the Veteran had a serious employment handicap due to the 
incapacitating episodes of her migraine condition that caused her 
to miss work and school. The counselor noted that the Veteran 
was unable to secure suitable employment without a Bachelors 
Degree and requested an extension of 12 months for completion of 
the training program. The Veteran's anticipated completion date 
was December 2009 with 14 courses needed in order to obtain her 
degree. (See WINRS case notes dated from August 2005 to February 
2008). 

However, the Veteran requested that her file to be transferred to 
the RO in Pittsburg, Pennsylvania and her status was interrupted 
as of August 13, 2008. A final decision on the extension request 
was not rendered by the Virginia RO. 

The RO in Pittsburg, Pennsylvania denied the Veteran request for 
an extension because her transfer of schools would have resulted 
in material loss of credit and advised her to research other 
options to allow her to graduate in a more reasonable time frame. 
He advised her to explore other liberal schools such as 
University of Phoenix.

The Veteran testified, in part, that she is attending the 
University of Phoenix because the institution accepted more of 
her transferred credits. She further stated that she needs about 
48 more credits, which would require a 12 to 18 month extension. 
(See January 2010 Hearing Transcript p.p. 5-6). 

The Board finds code section 21.78(c)(1)-serious employment 
handicap may be extended beyond 48 months under Chapter 31to 
enable the Veteran to complete a period of rehabilitation to the 
point of employability-applicable in the instant case, along 
with the amended criteria of section 21.44(a) and (b). Here, the 
prior VRC counselor found that the Veteran had a serious 
employment handicap and needed an extension of the 48 month 
period in order to complete the purpose of her individualized 
rehabilitation program, i.e., employment as a teacher. The RO in 
Pittsburg, Pennsylvania did not address the finding of a serious 
employment handicap by the RO in Virginia. Therefore, the 
finding of a serious employment handicap by the Virginia RO still 
stands.
Accordingly, the Board finds that the Veteran is entitled to 
additional vocational rehabilitation benefits under Chapter 31.

This determination is consistent with the goals of the vocational 
rehabilitation program which is to, in part, provide the Veteran 
services needed to qualify for suitable employment and enable the 
Veteran to become employed in a suitable occupation. 38 C.F.R. 
§ 21.70.

ORDER

An additional (extension beyond 48 months) vocational 
rehabilitation benefits under Chapter 31, Title 38, United States 
Code is granted.

____________________________________________
N. RIPPEL
Acting Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs